IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OWEN NELSON, #112065

VS.                                                    CIVIL ACTION NO. 2:13cv194-KS-MTP

JOHNNIE DENMARK

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Owen Nelson for Writ of Habeas Corpus [1]

filed pursuant to 28 U.S.C. §2254 and respondent's Motion to Dismiss [9] filed pursuant to 28

U.S.C. §2244(d).  Also considered by the Court is the Report and Recommendation [12] of

United States Magistrate Judge Michael T. Parker and the record and other pleadings filed

herein.

1.  PROCEDURAL HISTORY

On April 21, 1993, Petitioner was convicted of armed robbery in the Circuit Court of

Marion County. (Petition [1].) Petitioner was paroled on July 18, 2009. *Id.* On or about October

29, 2010, Petitioner was arrested in New Orleans, Louisiana, and extradited to Mississippi. *Id.*

Thereafter, Petitioner attended a "pre-hearing revocation meeting" and was presented with a

copy of the warrant for his arrest. *Id*. On January 19, 2011, Petitioner's probation was revoked

by the Mississippi Parole Board, and he was returned to the custody of the Mississippi

Department of Corrections. *Id*.

On February 22, 2011, Petitioner filed a Writ of Habeas Corpus in the Circuit Court of

Rankin County. (Petition [1], Exhibit 4.) The Circuit Court of Rankin County treated the

Petitioner's filing as a motion for post-conviction relief ("PCR") and upheld the Parole Board's

decision to revoke Petitioner's parole. The Mississippi Court of Appeals found that the Circuit Court of Rankin County "lacked the requisite jurisdiction" to hear Petitioner's PCR motion and dismissed the case. *Nelson v. Bingham*, 116 So. 3d 172, 173 (Miss. Ct. App. 2011) *r'hing. denied* June 25, 2013 (Cause No. 2011-CP-01643-COA).

The court of appeals held that the Rankin County Circuit Court lacked jurisdiction to hear Petitioner's PCR motion for two reasons. First, Petitioner had not received permission from the Mississippi Supreme Court to file a motion for post-conviction relief. Mississippi law requires that a motion for post-conviction relief "shall not be filed in the trial court until the motion shall have been first presented to a quorum of the Justices of the Supreme Court of Mississippi...." Miss. Code. Ann. § 99-39-7 (Supp. 2012). "This procedure is not merely advisory, but jurisdictional." *Bessent v. Clark*, 974 So.2d 928, 933 (Miss. Ct. App. 2007). Second, Petitioner did not file his motion in the correct county. The PCR "motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated." *Nelson*, 116 So.3d at 174 (citing *Maston v. State*, 768 So.2d 354, 355.)

On August 15, 2013, Petitioner submitted his Petition for Writ of Habeas Corpus [1] seeking habeas relief from the January 19, 2011, revocation of his parole. *Id*.[1] In his Motion to Dismiss, Respondent contends that the Petition was not timely filed and should be dismissed pursuant to 28 U.S.C. § 2244(d).

## II.  STANDARD OF REVIEW

---

[1] The Petition was signed on August 15, 2013, and stamped "filed" in this Court on September 11, 2013.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earlier date of August 15, 2013.

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

This Petition is before the Court in a somewhat confusing posture. Much of the confusion is brought about as a result of the misfiling of the original habeas Petition by Nelson. Following his second parole revocation Nelson filed a habeas petition in the Circuit Court of Rankin County, Mississippi, with his position being that the Circuit Court of that particular county had jurisdiction over his habeas claim. Nelson resided in a state prison that is located in Rankin County.

The original conviction of Nelson was for armed robbery and that conviction occurred in 1993. Any opportunity to challenge his original conviction has long since passed. Additionally, his original conviction was affirmed by the Mississippi Court of Appeals. *Nelson v. State*, 693 So.2d 388 (Miss. Ct. App. 1997). Following the affirmance of a conviction on appeal the petitioning inmate must request permission from the Mississippi Supreme Court to file for PCR

relief. Miss. Code Ann. §99-39-7 (Supp. 2012). Nevertheless the Petition was filed in the Circuit Court of Rankin County and that court considered the filing a PCR motion and handled it as such. The Circuit Court of Rankin County denied post-conviction relief which was appealed to the Mississippi Supreme Court and said case was deflected to the Court of Appeals which ruled that the Circuit Court of Rankin County did not have jurisdiction over the PCR motion because it was filed in an improper venue and also that Nelson had not obtained permission from the Supreme Court to file same. The appeal was dismissed. *Nelson v. Bingham*, 116 So.3d 172 (2013). As part of its ruling the Mississippi Court of Appeals noted that the action was one against the Parole Board for wrongful revocation of parole. Petitioner's objections go to the merits of the Parole Board's actions. An appeal of the actions of the Parole Board is properly addressed to the Circuit Court where the Parole Board sits, which would be Hinds County, Mississippi. This has not been done. Therefore, Nelson has not exhausted all of his state court remedies.

> Here, however, Nelson appeals the decision of the Parole Board, not the MDOC. The Parole Board is an entity separate from the MDOC and, therefore, is not subject to the MDOC's administrative requirements in order for an appeal to be proper, as discussed above. Thus, Nelson's direct appeal to a circuit court was the proper vehicle for his claims. However, Nelson's appeal lacked the requisite jurisdiction due to his filing in an improper venue. *Id.* at page 174.

This court is not making a decision on whether or not Nelson's actions are barred by 28 U.S.C. 2244(d). This action is based on his failure to exhaust his state court remedies prior to filing in this court.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that the Petition should be dismissed at this time without prejudice because of  Nelson's failure to exhaust.  The Petition may be time barred, but this Court makes no adjudication on same at this time.

Accordingly, it is ordered and adjudged that the Petition of Nelson is **dismissed without prejudice**.

SO ORDERED this, the 29th day of July, 2014.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE